RHODES v. FRANZ.

(Supreme Court, Special Term, New York County. December 3, 1915.)

NOTARIES ⬥⮞10—LIABILITY FOR FALSELY CERTIFYING ACKNOWLEDGMENTS.

Where a person defrauded by means of a bill of sale which J., representing himself to be M., executed in M.'s name and acknowledged before defendant, a notary public, was present when J. signed the bill of sale and saw defendant take the acknowledgment, and was present when the fraudulent representation was made by J. to the notary public, the proximate cause of his loss was his own negligent failure to ascertain that J. was not the true owner of the property, and he had no cause of action against the notary for falsely certifying the acknowledgment.

[Ed. Note.—For other cases, see Notaries, Cent. Dig. §§ 19–27; Dec. Dig. ⬥⮞10.]

Action by one Rhodes against one Franz. On demurrer to the complaint. Demurrer sustained.

McReynolds & Hunter, of New York City, for plaintiff.
T. J. Oberbeier, of New York City, for defendant.

COHALAN, J. The defendant demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The complaint alleges that the defendant, a notary public of the state of New York, falsely certified an acknowledgment to a bill of sale. It appears from a reading thereof that one James Barry represented himself to be Marian J. Barry, that he appeared before the notary public and signed his name as Marian J. Barry, and that he had no title or interest in or to the property which he attempted to transfer to the plaintiff herein. The plaintiff alleges that he was present when James Barry signed the bill of sale, and that he saw him affix his signature thereto as "Marian J. Barry," and, further, that he saw the defendant take the acknowledgment to the instrument as Marian J. Barry. He now alleges that by the action of the notary public he was defrauded in the sum of $1,120.

In view of the fact that the plaintiff was present when Barry signed his name to the bill of sale as Marian J. Barry, that he saw him so sign it, and also saw the defendant take the acknowledgment thereto, I am satisfied that the complaint does not state a cause of action.

⬥⮞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In brief, the plaintiff was at hand at the very time that the alleged fraudulent representation was made by Barry to the notary public, and he was deceived, not so much by the action of the notary public, as he was by that of Barry. Hence it is apparent that the proximate cause of the loss alleged by the plaintiff was his own negligence. He failed to ascertain that Barry was not the true owner of the property which was attempted to be transferred to the plaintiff. If the plaintiff was defrauded, the fraud was committed by the alleged transferor, and, in addition thereto, the plaintiff failed to be circumspect with regard to the ownership of the property. In a word, his own negligence was the proximate cause of the damage, and not the act of the notary public. It follows that, in order to recover damage against the notary, the plaintiff must show that the proximate cause of the loss was the fraudulent act of the notary public. Hatton v. Holmes, 97 Cal. 212, 31 Pac. 1131; Oakland Sav. Bank v. Murfey, 68 Cal. 459, 9 Pac. 843.

The demurrer is sustained, with leave to the plaintiff to plead over again on the payment of costs.